UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                               :

ANTHONY ZAPPIN,                      :

                            Plaintiff,  :

                                      :

              -against-          :

                                      :

ERNEST COLLAZO,                   :

                         Defendant.  :         19 Civ. 3781 (LGS)
-----------------------------------------------------------:        19 Civ. 10573 (LGS)

                                    :

ANTHONY ZAPPIN,                  :

                            Plaintiff,  :      **OPINION AND ORDER**

                                    :

              -against-          :

                                      :

JORGE DOPICO,                     :

                         Defendant.  ::
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Anthony Zappin is a disbarred attorney in New York, facing a reciprocal

attorney disciplinary proceeding in West Virginia.  He brings two related actions -- *Zappin v.*

*Collazo*, 19 Civ. 3781 ("*Zappin I*") and *Zappin v. Dopico*, 19 Civ. 10573 ("*Zappin II*") -- against

Defendants Ernest Collazo and Jorge Dopico, the former volunteer chairman and chief attorney,

respectively, of the Attorney Grievance Committee for the First Judicial Department of the

Supreme Court of the State of New York ("AGC").  Defendant Collazo moves to dismiss the

Amended Complaint in *Zappin I* ("*Zappin I* Complaint"), pursuant to Federal Rules of Civil

Procedure 12(b)(2), 12(b)(5) and 12(b)(6).  Defendant Dopico moves to dismiss the Amended

Complaint in *Zappin II* ("*Zappin II* Complaint"), and together with the *Zappin I* Complaint, the

("Complaints"), pursuant to Rules 12(b)(1) and 12(b)(6).[1]  For the reasons below, the motions to dismiss are granted.

## I.     BACKGROUND

The following facts are taken from documents of which a court may take judicial notice, including pleadings, opinions and other court filings in related lawsuits, *see Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 n.3 (2d Cir. 2012), and from the Complaints, which are accepted as true for the purposes of the motions to dismiss pursuant to Rule 12(b)(1) and 12(b)(6).  *See, e.g.*, *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353 (2d Cir. 2020) (Rule 12(b)(1)); *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019) (Rule 12(b)(6)).

Plaintiff has initiated a series of lawsuits in this district, *see, e.g.*, *Zappin v. Cooper*, No. 16 Civ. 5985, 2018 WL 708369 (S.D.N.Y. Feb. 2, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019), related to his divorce proceedings in the Supreme Court of the State of New York, during which the court rendered a decision sanctioning Plaintiff on September 18, 2015.  *See Zappin v. Comfort*, 26 N.Y.S.3d 217, (Sup. Ct. N.Y. Cnty. 2015), *aff'd*, 49 N.Y.S.3d 6 (App. Div. 1st Dept. 2017).  As Plaintiff has argued in his prior litigations, the Complaints allege that the findings in the divorce proceedings were fabricated.  In 2016, the AGC filed a petition (the "Petition") in the First Department, requesting that the court establish Plaintiff's guilt of attorney misconduct with findings made in Plaintiff's divorce case based on collateral estoppel.  The Petition, including an affirmation, was signed by Collazo.  The First Department granted the Petition on October 17, 2016, finding that Plaintiff had violated several Rules of Professional Conduct.  A sanction

---

[1] Plaintiff filed the *Zappin II* Amended Complaint at Dkt. No. 24, after Dopico's motion to dismiss at Dkt. No. 21.  Per the Order dated February 29, 2020, at Dkt. No. 29, the motion to dismiss was construed to apply to Plaintiff's Second Amended Complaint.  The motion to dismiss was subsequently supplemented by letter dated February 10, 2020, at Dkt. No. 31.

hearing followed in December 2016.  The Complaints allege that, because of the AGC's reliance on collateral estoppel, Plaintiff was denied a hearing on the merits, which would have allowed him to challenge the findings from the divorce action.  The Complaints also allege that the AGC's reliance on collateral estoppel has become a *de facto* policy without regard to whether findings made in the underlying proceeding afforded any due process.

Plaintiff also attempted to request exculpatory evidence in the AGC's possession during the disciplinary proceeding.  On October 25, 2017, Plaintiff filed a motion in the First Department (the "2017 Motion"), requesting, among other things, that the court direct the AGC to "immediately produce to Respondent Anthony Zappin all exculpatory and/or mitigating evidence with respect to the currently pending findings of attorney misconduct" based on "court rules and the Rules of Professional conduct," along with disclosures pursuant to the New York Supreme Court's Rules for Attorney Disciplinary Matters, 22 N.Y.C.R.R. § 1240 et seq. Plaintiff argued that the AGC is aware of and possesses exculpatory evidence undermining the findings in the divorce proceeding and the decision to sanction Plaintiff during the divorce proceeding, and other documents negating or mitigating assertions of attorney misconduct. Plaintiff also argued that the AGC's decision to frame its investigation of Plaintiff as "*sua sponte*" was for the purpose of withholding grievance complaints, which could contain exculpatory material, and that AGC communications with various individuals would also reveal exculpatory information.  The First Department denied "each of [Plaintiff's] motions for affirmative relief" in its order disbarring Plaintiff, which Plaintiff appealed.  The appeal was dismissed by the Court of Appeals *sua sponte*, "upon the ground that no substantial constitutional question is directly involved."  *Matter of Zappin*, 32 N.Y.3d 946 (2018).

In November 2017, as the disciplinary proceeding was pending, Plaintiff filed an action

in this District, against Collazo, AGC staff attorney Kevin Doyle ("Doyle") and other state

officials.  *See Zappin v. Doyle*, No. 17 Civ. 8837 (the "*Doyle* action").[2]  Doyle is a subordinate

of Defendants.  In the *Doyle* action, Plaintiff challenged Collazo's and Doyle's alleged actions

related to the disciplinary proceeding, including the AGC's reliance on the doctrine of collateral

estoppel procedures to seek findings that Plaintiff had engaged in attorney misconduct in

violations of the Rules of Professional Conduct.  Plaintiff's allegations in the *Doyle* action were

substantially similar to those made in the 2017 Motion as to the AGC's improper withholding of

grievance complaints, documents obtained from third parties and other evidence undermining the

findings in the divorce proceeding.[3]

Plaintiff was disbarred during the *Doyle* litigation by a *per curiam* decision of the First

Department issued on March 8, 2018.  *See Matter of Zappin*, 73 N.Y.S.3d 182, 188 (N.Y. App.

Div. 1st Dept. 2018), *appeal dismissed*, 108 N.E.3d 1027 (N.Y. 2018), *appeal denied*, 122

N.E.3d 566 (N.Y. 2019).  After the disbarment, Plaintiff *sua sponte* was granted leave to amend

the complaint in the *Doyle* action.  However, he failed to comply with several court-imposed

deadlines, which, along with his prior failures to comply with court orders, led to a Rule 41(b)

---

[2] Plaintiff, proceeding *in forma pauperis*, filed another complaint against Doyle, among other
defendants, based on incidents during Plaintiff's disciplinary proceeding, including an allegation
that Doyle fabricated a false police report.  The claims against Doyle were dismissed on the
doctrine of *res judicata* pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Zappin v. Cooper*, No. 20
Civ. 2669, 2020 WL 4753036, at *3 (S.D.N.Y. Aug. 17, 2020).
[3] Plaintiff and Defendants cite the *Doyle* complaint in their memoranda of law.  The complaint is
sealed from public view because it included unredacted references to a minor and copies of
documents placed under seal by the First Department.  *See Doyle*, 17 Civ. 8837, Dkt. No. 36.
Judicial notice of Plaintiff's allegations in *Doyle* is proper based on the publicly available
memorandum of law in support of Plaintiff's motion for preliminary injunction.  *See id.* at Dkt.
No. 30.

dismissal of the action with prejudice, a decision subsequently affirmed by the Second Circuit. *See Doyle*, 2018 WL 2376502, at *1.

On March 19, 2018, Plaintiff, who was also admitted to practice law in West Virginia, notified the West Virginia Office of Disciplinary Counsel ("WV Counsel") of his disbarment in New York.  WV Counsel instituted a reciprocal disciplinary proceeding, requesting that Plaintiff be disbarred in West Virginia.  In May 2018, the AGC by letter informed the West Virginia Lawyer Disciplinary Board ("WV Board") of Plaintiff's disbarment, requesting that reciprocal disciplinary proceedings be instituted, despite allegedly believing Plaintiff had been subject to an unconstitutional disciplinary proceeding in New York.  The *Zappin II* Complaint alleges that Doyle has also been in communication with the WV Board, exchanging information and working together to ensure Plaintiff's disbarment in West Virginia.  The *Zappin II* Complaint alleges that Dopico's continued interference has caused Plaintiff to face potential attorney discipline in West Virginia and that such actions were taken for an improper purpose, primarily to retaliate against Plaintiff for exercising his First Amendment rights.

## II.    PROCEDURAL HISTORY

Following Plaintiff's voluntary dismissal of certain claims in *Zappin I*, a single claim (Count III) remains against Collazo, in his individual capacity, alleging that he violated Plaintiff's due process rights by attesting to the facts in the Petition that Collazo allegedly "knew to be false, should have known to be false and later [that he] unequivocally did become aware of the falsity of the assertions."  Collazo moves to dismiss based on insufficient service of process, lack of personal jurisdiction, absolute immunity, *res judicata* and failure to state a claim. Because Plaintiff missed court-ordered deadlines to oppose Collazo's motion to dismiss *Zappin I*, the motion is unopposed.

5

Following a voluntary dismissal of claims in *Zappin II*, five claims remain against

Dopico.  Two claims are against Dopico in his official capacity: Count I alleges that Dopico, as

Chief Attorney for the AGC, violated Plaintiff's due process rights by "perpetuat[ing] and

undertak[ing] a scheme of prosecuting attorneys through the use of the doctrine of collateral

estoppel" and seeks a declaration that the "scheme" is unconstitutional.  Count II alleges that

Dopico violated Plaintiff's due process rights because Dopico, "by virtue of [his] [alleged]

position[s] at the [AGC,] [is] in possession (actual and constructive) of exculpatory documents,

materials, communications and evidence tending to show that [Plaintiff] is not guilty of the

attorney misconduct," and seeks a declaration that such withholding is unconstitutional and an

order directing release of the exculpatory evidence.  The remaining three claims in *Zappin II*

arise under 42 U.S.C § 1983 against Dopico in his individual capacity for monetary damages:

Count III again alleges constitutional violations arising out of Dopico's alleged failure to

produce exculpatory documents; Counts IV and V are claims for abuse of process and conspiracy

to abuse process, respectively, related to Dopico's alleged involvement in the West Virginia

proceeding.  Dopico moves to dismiss for lack of subject matter jurisdiction -- based on the

*Rooker-Feldman* doctrine, Article III standing and sovereign immunity -- and on grounds of

absolute immunity, *res judicata* and for failure to state a claim.  Plaintiff filed an opposition but

did not respond to arguments that the *Zappin II* Complaint fails to state a claim.

### III.    STANDARDS

#### A.      Rule 12(b)(1)

An action is "properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

*Citizens for Responsibility & Ethics in Washington v. Trump*, 953 F.3d 178, 188 (2d Cir. 2019)

(internal quotation marks omitted).  When considering a Rule 12(b)(1) motion, "the district court

must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable

inferences in favor of the party asserting jurisdiction."  *Fountain v. Karim*, 838 F.3d 129, 134 (2d

Cir. 2016) (internal quotation marks omitted).  "A plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (internal

quotation marks omitted).  A court must resolve whether it has the subject matter jurisdiction

necessary to consider the merits.  *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d

674, 678 (2d Cir. 1990); *accord Dorce v. City of New York*, No. 19 Civ. 2216, 2020 WL

2521320, at *1 (S.D.N.Y. May 17, 2020).

      **B.**      **Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are

consistent with liability; the complaint must "nudge[] their claims across the line from

conceivable to plausible."  *Twombly*, 550 U.S. at 570.  The court accepts as true all well-pleaded

factual allegations and draws all reasonable inferences in favor of the non-moving party, *see*

*Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal

conclusions."  *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

As to the unopposed motion to dismiss in *Zappin I*, a court is to "assume the truth of a

pleading's factual allegations and test only its legal sufficiency," as "the sufficiency of a

complaint is a matter of law that the court is capable of determining based on its own reading of

the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 323-24 (2d Cir. 2000)

(internal citation omitted); *accord Davis v. Willheim*, No. 17 Civ. 5793, 2020 WL 1903982, at *5

(S.D.N.Y. Apr. 17, 2020).  As to the unopposed arguments that *Zappin II* fails to state a claim,

Dopico's request to treat the *Zappin II* claims as abandoned is denied, since Plaintiff did not fail

to oppose all arguments as to any claim.

### C.      Pro Se Litigants

Although *pro se* pleadings are to be construed liberally, "[t]he appropriate degree of

special solicitude is not identical with regard to all *pro se* litigants," and a *pro se* attorney

ordinarily receives no solicitude.  *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

Plaintiff was a practicing lawyer and is "experienced in litigation and familiar with the

procedural setting presented," and accordingly is not entitled to special solicitude.  *Id.*; *accord*

*United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (denying

special solicitude to pro se litigant who was disbarred attorney).

## IV.    DISCUSSION

### A.      *Zappin I* Count III (Collazo):  Due Process Claim Based on False Attestation to Petition

The sole surviving cause of action in *Zappin I* alleges a violation of Plaintiff's due

process rights based on Collazo allegedly falsely attesting to the facts in the Petition (Count III).

The motion to dismiss is granted because *res judicata* bars this claim.  *Res judicata* gives prior

litigation of claims preclusive effect if  "(1) the previous action involved an adjudication on the

merits; (2) the previous action involved the same adverse parties or those in privity with them;

and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior

action."  *Marcel Fashions Grp, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir.

2015) (alterations omitted); *accord James v. John Jay Coll.*, No. 19 Civ. 644, 2020 WL 1911211,

at *3 (S.D.N.Y. Apr. 20, 2020).  The doctrine stems from a requirement that a plaintiff "must bring all claims at once against the same defendant relating to the same transaction or event." *Soules v. Connecticut, Dep't of Emerg. Services & Pub. Protec.*, 882 F.3d 52, 55 (2d Cir. 2018) (internal quotation marks omitted).  "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014); *accord First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*, No. 19 Civ. 10494, 2020 WL 3000385, at *2 (S.D.N.Y. June 4, 2020).

The first two elements are met.  First, the prior action -- the *Doyle* action -- was dismissed with prejudice for failure to comply with court orders pursuant to Rule 41(b), which is an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b) (stating that, "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits"); *Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35, 39 (2d Cir. 1978); *Harry v. Rodriguez*, 337 F. App'x 17, 17 (2d Cir. 2009) (summary order) (affirming application of *res judicata* to a Rule 41(b) dismissal for failure to prosecute).  Second, Plaintiff and Collazo were also the plaintiff and defendant, respectively, in the *Doyle* action.

The third element -- that the claims asserted in the subsequent action were, or could have been, raised in the prior action -- is also satisfied.  This element involves three considerations: "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations."  *Soules*, 882 F.3d at 55.  In the *Doyle* action, Plaintiff alleged that the AGC violated his due process rights by commencing unconstitutional collateral disciplinary

proceedings based on fabricated findings.  *See Doyle*, 2018 WL 2376502, at *2.  In the instant

litigation, Plaintiff's § 1983 claim alleges that Collazo violated Plaintiff's constitutional rights by

"knowingly falsely swearing, attesting and verifying the facts" in the Petition that initiated the

disciplinary proceedings against Plaintiff.  The underlying facts in the *Doyle* action are the same

in "time, space, origin, [and] motivation" as the claim asserted here.  *Soules*, 882 F.3d at 55.

Plaintiff could have brought this claim against Collazo in the *Doyle* action, and therefore, the

claim is barred.

Plaintiff argues that he was not afforded a full and fair opportunity to litigate the issue in

the prior forum, because he was not placed on notice that he could be sanctioned for failure to

follow the court's orders, and because he was not heard as to whether the Rule 41(b) dismissal

was appropriate.  These arguments are rejected for the third time (and are also subject to *res

judicata*).  They were raised and denied on a motion for reconsideration in the *Doyle* action.  *See

Zappin v. Doyle*, No. 17 Civ. 8837, 2018 WL 2376307, at *2 (S.D.N.Y. May 18, 2018).  They

were considered and expressly rejected again on appeal, when the Second Circuit affirmed the

dismissal.  *See Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (summary order).  As the

district court held, and as the Second Circuit affirmed, Plaintiff was afforded a full and fair

opportunity to litigate the *Doyle* action.  Consequently, the surviving claim in *Zappin I* is barred

by the doctrine of *res judicata*.[4]

---

[4] As the *Zappin I* Complaint is dismissed for separate reasons, the Court notes only that
Collazo's motion based on Rules 12(b)(5) and 12(b)(2) is denied because Collazo's Declaration
fails to rebut the "presumption of proper service" afforded to a process server's affidavit of
service.  *U.S. Bank Natl. Assn. v. Bienenstock*, 123 N.Y.S.3d 501, 502 (App. Div. 2d Dept.
2020).  Further, Collazo affirms he received actual notice three days after the deadline, and Rule
4 is "to be construed liberally to further the purpose of finding personal jurisdiction in cases in
which the party has received actual notice," and it disfavors dismissal if "it appears that proper
service may still be obtained."  *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)

B. **_Zappin II_ Count I (Dopico):  Facial Due Process Challenge to Collateral Estoppel Policy**

Count I in _Zappin II_ alleges that Dopico's use of the doctrine of collateral estoppel in attorney disciplinary proceedings is facially unconstitutional.  Plaintiff attempts to avoid the _Rooker-Feldman_ doctrine by bringing a facial due process challenge to Dopico's alleged "collateral estoppel attorney disciplinary scheme," characterizing the challenge as an "independent claim[] as to the constitutionality of the New York's collateral estoppel disciplinary policies, procedures and rules."  The claim alleges an injury that is not traceable to any alleged policy of the AGC to rely on the collateral estoppel doctrine but rather caused by the First Department's disbarment order.  To the extent Plaintiff is actually challenging the facial constitutionality of the doctrine of collateral estoppel as applied by New York courts -- or as alleged in the _Zappin II_ Complaint, the AGC's alleged policies, procedures and rules regarding collateral estoppel -- he lacks standing to bring the claim.

1. **Applicable Law**

"When a federal suit follows a state suit, the former may, under certain circumstances, be prohibited by . . . the _Rooker-Feldman_ doctrine."  _See Sung Cho v. City of New York_, 910 F.3d 639, 644 (2d Cir. 2018).  The doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." _Hoblock v. Albany Cty. Bd. of Elections_, 422 F.3d 77, 84 (2d Cir. 2005).  If a litigant believes a state court judgment is "flawed for reasons raising federal questions," the U.S. Supreme Court is the appropriate court for the appeal.  _Sung Cho_, 910 F.3d at 644 n.4.  However, review of the facial constitutionality of rules and doctrines used in state court determinations are not barred by

---

(internal quotation marks and emphasis omitted); _accord Styles v. Westchester County_, No. 18 Civ. 12021, 2020 WL 1166404, at *4 (S.D.N.Y. Mar. 10, 2020).

*Rooker-Feldman*, so long as "plaintiffs d[o] not seek review of the [rules' and doctrines'] application in a particular case." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 (2005).

To satisfy the requirements of the doctrine, four requirements must be met: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho*, 910 F.3d at 645.  The second condition -- whether the plaintiff complains of injuries *caused* by a state court judgment -- is the "core requirement from which the other[] [*Rooker-Feldman* requirements] derive," and along with the third requirement, are known as the "substantive" elements.  *See id.* at 646 (internal quotation marks omitted) (alterations in original).  Sometimes "federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Id.* (internal quotation marks omitted).

"To satisfy Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 534 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). An injury in fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks omitted).

### 2.  Analysis

The facial due process claim against Dopico's use of collateral estoppel seems to be an unsuccessful effort to avoid the *Rooker-Feldman* doctrine, which bars review of the First

Department's decisions that granted the petition and disbarred Plaintiff. Plaintiff argues in his opposing memorandum of law that his injury that confers standing is the need to defend himself in the reciprocal disciplinary action in West Virginia, including incurring the cost of defense and facing potential disciplinary sanctions. Plaintiff states that this injury is "derived from the collateral estoppel disciplinary proceeding Defendant Dopico lodged against Plaintiff," and the relief he seeks is a declaration that the AGC's collateral estoppel policy is unconstitutional. In other words, the injury Plaintiff alleges appears to be caused by the First Department's decisions to find Plaintiff in violation of the rules of professional conduct and to disbar him, based on findings from his divorce proceeding. Plaintiff's request for declaratory relief as to the unconstitutionality of "collateral estoppel disciplinary proceedings," in essence seeks to overturn his own state court ruling, which is the predicate for his reciprocal proceeding. This review is barred by *Rooker-Feldman*. *See Exxon Mobil Corp.*, 544 U.S. at 286 (stating that constitutionality of a state bar rule "could be contested in federal court . . . so long as plaintiffs did not seek review of the Rule's application in a particular case"); *accord Sowell v. Tinley Renehan & Dost, LLP*, 807 F. App'x 115, 119 (2d Cir. 2020) (summary order) (rejecting "independent" constitutional claims regarding state bar rule because "[t]he claims allege an injury traceable not to Rule 4.2 itself, but to the courts' application of the rule to plaintiffs' particular state case and thus cannot be contested in federal court.").

However, Plaintiff and Dopico agree to assume that Plaintiff is not seeking to review or overturn the state court judgment, but rather is seeking prospective declaratory relief as to the facial constitutionality of the "policies, procedures and rules used in collateral estoppel disciplinary proceedings in New York," which would not be barred by *Rooker-Feldman*. Assuming the *Zappin II* Complaint alleges an injury in fact, the *Zappin II* Complaint does not

allege, nor has Plaintiff shown, the second element of Article III standing, that the injury is fairly traceable to the AGC's alleged collateral estoppel policy. Plaintiff's alleged injury arising from the West Virginia reciprocal disciplinary action is too attenuated to these alleged policies. The AGC petitioned for the use of the doctrine of collateral estoppel before the First Department. The First Department independently determined to apply the doctrine of collateral estoppel as the basis for finding Plaintiff had engaged in attorney misconduct. Plaintiff then notified the West Virginia bar authorities of the First Department's order disbarring Plaintiff. The West Virginia bar authorities conducted an independent investigation and decided to institute reciprocal proceedings. The West Virginia bar authorities' decision to institute reciprocal proceedings, based on their own disciplinary rules, after an independent investigation is not "fairly traceable" to the challenged collateral estoppel policy. Rather, the alleged injury either stems from the state court determination to disbar Plaintiff, review of which is barred by *Rooker-Feldman*, or is "th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Hollander v. United States*, 354 F. App'x 592, 593 (2d Cir. 2009) (summary order) ("The links in the chain of causation here, which depend upon . . . independent actions . . . are too attenuated and too numerous to satisfy the standing requirement.").

For the same reason, Plaintiff's claim would not be redressable by the remedy he seeks -- a declaration that any alleged AGC policy as to invoking collateral estoppel is unconstitutional. Plaintiff argues that his injury would be redressed by a favorable decision, because the WV Rules of Lawyer Disciplinary Procedure state that reciprocal discipline will be recommended by a committee of the WV Board unless it is determined by such committee that "the procedure followed in the foreign jurisdiction did not comport with the requirements of due process of

law."  A declaration as to the AGC's alleged collateral estoppel policy would not redress the injuries resulting from a cost of defense or from facing potential disciplinary sanctions in West Virginia, because it is that committee's own determination of whether due process was afforded in the foreign jurisdiction.  Further, any due process concerns arising out of the use of collateral estoppel in attorney disciplinary proceedings relevant to the committee's determination would be based on a court's application of the doctrine in a particular case, not any general policy as to the AGC's process of requesting the use of collateral estoppel before a court.  Indeed, the *Zappin II* Complaint's allegations related to the fairness of the use of collateral estoppel refer to both of the AGC's and the First Department's actions, and aside from the conclusory allegations of a generalized improper practice by the AGC, the allegations are primarily focused on the alleged unfairness of the First Department's application of the doctrine in Plaintiff's own situation.

Accordingly, Count I is dismissed for lack of subject matter jurisdiction.

**C.**   ***Zappin II* Counts II and III (Dopico):  Due Process Claim and § 1983 Claim for Violations of Constitutional Rights Based on Failure to Produce Exculpatory Evidence**

Zappin II's Counts II and III are both premised on Dopico's alleged failure to produce exculpatory information.  Count II alleges a violation of due process under the Fifth and Fourteenth Amendments to the Constitution and seeks injunctive and declaratory relief, and Count III alleges a violation of § 1983 and seeks monetary damages.  These claims are barred by *res judicata* and are also dismissed on the alternative ground that they fail to state a claim.

### 1.  Subject Matter Jurisdiction

As a preliminary matter, the Court has subject matter jurisdiction over these claims, and Dopico's arguments challenging subject matter jurisdiction are rejected.

Dopico challenges subject matter jurisdiction based on the *Rooker-Feldman* doctrine, Article III standing and sovereign immunity.  First, as to *Rooker-Feldman*, Counts II and III seem like an attempt to avoid the doctrine "simply by clever pleading," *Hoblock*, 422 F.3d at 88. Plaintiff represents that he does not seek reversal of the state court judgment.  However, sometimes "federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments."  *Id.* (internal quotation marks omitted).  To distinguish such cases, the Second Circuit applies the following "formula:" "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."  *Id.*  That the "state court chose not to remedy the injury does not transform the subsequent federal suit . . . into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment."  *Id.*  Construing the allegations in the light most favorable to Plaintiff, these claims address injuries resulting from third-party actions *not* from the state-court judgment.  *Cf. Weissbrod v. Gonzalez*, 576 F. App'x 18, 19 (2d Cir. 2014) (summary order) (*Rooker-Feldman* applies because the plaintiff complains principally of injuries caused by a state court judgment ordering her to pay a fine and temporarily suspending her from the practice of law).  The claims allege injuries arising from the withholding of exculpatory evidence that were "simply ratified, acquiesced in, or left unpunished by the state court judgment."  *Sung Cho*, 910 F.3d at 645 (2d Cir. 2018) (internal quotation marks omitted).  Consequently, *Rooker-Feldman* does not apply.

As to Article III standing, Plaintiff has standing to bring Counts II and III.  The allegations that Dopico's failure to produce exculpatory material violate due process and other

constitutional rights constitutes a particularized injury traceable to challenged conduct that could be redressed by a favorable decision.

As to sovereign immunity, Dopico argues that Plaintiff's claim against Dopico in his official capacity for failure to produce exculpatory evidence is barred by the Eleventh Amendment. This argument is incorrect because of the exception to sovereign immunity for claims for declaratory relief, where a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636, 645 (2002) ("[A] court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."). "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. 123, 157 (1908); *accord In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005). Count II challenges ongoing conduct, since it alleges continued withholding of exculpatory evidence and seeks declaratory relief and the production of the exculpatory materials. Dopico is a proper defendant for this claim, because he has a "connection" with the alleged unconstitutional act -- as chief counsel of the AGC, he is allegedly responsible for investigating attorney misconduct and overseeing attorney disciplinary proceedings. Therefore, the *Ex Parte Young* exception applies to Count II.

### 2. Res Judicata

Under the doctrine of *res judicata*, the judgment in the *Doyle* action bars the claims premised on failure to produce evidence in existence during Plaintiff's disciplinary proceeding and complained of in the *Doyle* action. Plaintiff does not dispute that Dopico is in privity with

Doyle, a staff attorney for the AGC, since in this Circuit "literal privity is not a requirement for *res judicata* to apply." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *accord Mosha v. Yandex Inc.*, No. 18 Civ. 5444, 2019 WL 5595037, at *5 (S.D.N.Y. Oct. 30, 2019). Indeed, many of the factual allegations in the *Zappin II* Complaint, supporting Plaintiff's claims against Dopico, refer to Doyle's actions.

The *Zappin II* Complaint's allegations regarding the exculpatory evidence are the same in "time, space, origin, [and] motivation" as those alleged in the *Doyle* action. *Soules*, 882 F.3d at 55. In particular, the *Zappin II* Complaint alleges that Dopico refused to produce the following main categories of exculpatory evidence: evidence that may exist to show that Plaintiff was improperly sanctioned; evidence that Doyle and the presiding judge in Defendant's divorce action improperly brought his disciplinary proceeding in New York; and evidence revealing improper conduct as it relates to the divorce and custody proceeding. The *Doyle* action involved claims against Doyle, Dopico's "subordinate," for violations of due process in connection with the disciplinary proceeding based in part on the existence of evidence that would have exculpated Plaintiff in the same proceedings. The exculpatory material described in the *Zappin II* Complaint concerns communications involving Doyle from the same alleged events that supported Plaintiff's due process claim in *Doyle*. *Zappin II*'s claims based on Dopico's failure to produce evidence would have presented a convenient trial unit and arise from the same transaction.

Plaintiff attempts to avoid *res judicata* by framing the claims as relevant to the West Virginia reciprocal disciplinary proceeding. He argues that the claims seek different remedies and that he did not have standing to bring the claims at the time of the *Doyle* action. These arguments are unpersuasive. If the second litigation involve[s] different transactions, and

especially subsequent transactions, there generally is no claim preclusion." *Proctor v. LeClaire*, 715 F.3d 402, 412 (2d Cir. 2013) (quotation marks omitted) (alterations in original).  For the *res judicata* inquiry, the "scope of litigation is framed by the complaint at the time it is filed." *Id.* "Acts committed after the filing of the complaint are not within the scope of the plaintiff's claim." *Id.* "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted).  Here, no allegations suggest that the claims arise from "subsequent transaction[s]" involving continuing acts that would present new causes of action. The existence of the reciprocal disciplinary proceeding does not create a *subsequent* transaction giving rise to a new cause of action.  The institution of the reciprocal proceeding is not relied upon to allege any new misconduct related to the exculpatory evidence claims.  *See TechnoMarine*, 758 F.3d at 501 ("[C]laim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." (internal quotation marks omitted)).  Rather, the factual allegations regarding a failure to produce evidence center on alleged refusals to turn over such evidence during the New York disciplinary proceeding, that the AGC mischaracterized the investigation as "*sua sponte*" to avoid disclosing grievance complaints and that it also failed to abide by disclosure obligations.  These acts were also at issue in *Doyle*, and no new injury is adequately alleged.

The *Zappin II* Complaint makes a single reference -- separate from the allegations related to a failure to produce exculpatory evidence -- that the AGC and the Chief Lawyer for the WV Board "continue to conceal information," "including exculpatory information."  To the extent the *Zappin II* Complaint alleges any new claims based on any new misconduct by Dopico in failing

to produce exculpatory evidence as it relates to the West Virginia proceeding, they are dismissed for failure to state a claim below.

### 3.  Failure to State a Claim

Counts II and III -- to the extent not barred by *res judicata* -- are dismissed for failure to state a claim, because no constitutional violation has been alleged.  Count II alleges a violation of Plaintiff's due process rights,[5] and Count III is a § 1983 claim for violations of unspecified constitutional rights, "including but not limited to his right to Due Process," both based on Dopico's alleged withholding of exculpatory evidence.  "To make a successful section 1983 claim, a plaintiff must show that the defendant not only violated a constitutional right, but acted under the color of state law."  *Montero v. City of Yonkers, New York*, 890 F.3d 386, 401 (2d Cir. 2018) (internal quotation marks omitted).

The *Zappin II* Complaint does not sufficiently allege a deprivation of any due process right.  To the extent that Plaintiff is alleging a violation of any *Brady* right applying to civil attorney disbarment proceedings -- an alleged constitutional right for which Plaintiff does not provide any case law -- the allegations do not lead to a reasonable inference that Dopico's evidence is material or that any alleged withholding is a deprivation of due process in the West Virginia proceeding.  A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of defendant" or "where the belief is based

---

[5] Plaintiff brings his due process claim under the Fifth and Fourteenth Amendments, but the Fifth Amendment Due Process Clause applies only to the federal government.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").  Therefore, Plaintiff's due process claim, to the extent it is based on the Fifth Amendment, is dismissed because there is no federal action.  The claim is discussed above as based on the Fourteenth Amendment.

on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *accord Morales v. Kimberly-Clark Corp*., No. 18 Civ. 7401, 2020 WL 2766050, at *6 (S.D.N.Y. May 27, 2020).  However, a complaint must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff provides a list of evidence that "upon information and belief," may be within Dopico's possession, without providing any facts that either lead to a plausible inference that Dopico is withholding any evidence or that the evidence would be material to the West Virginia proceeding.

The few factual allegations regarding the withholding of evidence relate to his New York disbarment proceeding.[6]  The Complaint's lone allegation that the AGC and the Chief Lawyer for the WV Board "continue to conceal information," "including exculpatory information," does not lead to a plausible inference that Dopico has withheld evidence in connection with the West Virginia proceeding.  Second, the Complaint alleges in detail that Plaintiff has been heard before the disciplinary committee in the West Virginia reciprocal proceeding, that he presented "evidence and testimony" as to the infirmities of the New York disciplinary proceeding that went uncontested and that the transcript from such hearing proves both that the New York disciplinary proceeding was constitutionally inadequate and that the findings upon which Plaintiff was found guilty of attorney misconduct were fabricated.  These allegations belie any inference that

---

[6] The Complaint alleges that the AGC "ignored" Plaintiff's requests to produce exculpatory evidence and "never once denied that it was in possession of exculpatory evidence;" the AGC concealed all information and "failed to produce a single document" to Zappin; the AGC characterized the investigation as "sua sponte" to prevent Plaintiff from obtaining complaints filed leading to the investigation; formal charges were not served which avoided triggering disclosure requirements.

Dopico's evidence is material to his reciprocal proceeding.  Accordingly, Counts II and III -- to the extent not barred by *res judicata* -- are dismissed for failure to state a claim, because no constitutional violation has been alleged.

      **D.**     ***Zappin II* Counts IV and V (Dopico):  § 1983 Claims for Abuse of Process and Conspiracy of Abuse of Process**

Counts IV and V are both § 1983 claims alleging abuse of process and conspiracy to abuse process.[7]  These claims are also dismissed for failure to state claim.  "[S]ection 1983 liability . . . may not be predicated on a claim of malicious abuse of . . . civil process."  *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (internal quotation marks omitted); *accord Alroy v. City of New York L. Dept.*, 69 F. Supp. 3d 393, 402 (S.D.N.Y. 2014) (dismissing § 1983 claim for abuse of civil process because it is "well settled" that "Section 1983 liability may not be predicated on a claim for malicious abuse of *civil* process" (emphasis in original)).

To the extent the claims intend to allege a First Amendment retaliation claim -- they state that the alleged abusive actions were with the purpose to "retaliate" against Plaintiff for exercising his First Amendment rights -- the *Zappin II* Complaint inadequately alleges any element of such claim.  "To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a plaintiff must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks omitted).  Assuming that Plaintiff identified

---

[7] Dopico's arguments that Counts IV and V should be dismissed for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and Article III standing grounds are also rejected.  These claims are unrelated to the state court judgment and address injuries related to the West Virginia disciplinary proceeding, traceable to Dopico's alleged coordination with West Virginia officials.

any protected speech or conduct, the naked allegations that Dopico's alleged acts were improper

and caused by Plaintiff's exercising his First Amendment rights are merely conclusory.  The

allegations mostly track the elements of the claim: that Dopico's actions were done in an effort to

"retaliate" and with the awareness that Plaintiff was subject to a "sham unconstitutional"

proceeding in New York.  These allegations do not raise Plaintiff's claim "above the speculative

level," *see Twombly*, 550 U.S. at 555, particularly where the *Zappin II* Complaint alleges

Plaintiff himself notified West Virginia of his disbarment.  Plaintiff's "[g]eneral, conclusory

allegations" need not be accepted "when they are belied by more specific allegations of the

complaint."  *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *accord Olson*

*v. Major League Baseball*, No. 20 Civ. 632, 2020 WL 1644611, at *4 (S.D.N.Y. Apr. 3, 2020).

Accordingly, the motion to dismiss Counts IV through V for failure to state a claim is granted.

## V.    LEAVE TO AMEND

Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).

Ordinarily, a *pro se* Plaintiff is given an opportunity to amend a complaint; however, even when

"special solicitude" is afforded to *pro se* pleadings, leave to amend is not required if it would be

futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *accord Weidrick v. Trump*,

No. 20 Civ. 1057, 2020 WL 2061489, at *2 (S.D.N.Y. Apr. 27, 2020).  As explained above,

Plaintiff, a disbarred attorney, is not afforded special solicitude, and considering the allegations

in the Complaints, he has no claims that are simply "inadequately or inartfully pleaded."  *See*

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming district court's dismissal with

prejudice of claims for failure to state claim since the "problem with [Plaintiff's] causes of action

is substantive").  Because the defects in the *Zappin I* Complaint and the *Zappin II* Complaint

could not be cured by amendment, they are dismissed with prejudice.

23

**VI.     CONCLUSION**

The Court has considered all of the arguments raised by the parties, and to the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, Defendants' motions to dismiss are GRANTED.  The Clerk of Court is respectfully directed to enter judgment dismissing the actions and closing both cases:  *Zappin I* (19 Civ. 03781) and *Zappin II* (19 Civ. 10573).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 22, 2020
          New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**